SPENCER *a.* THE ROGERS LOCOMOTIVE WORKS.

*New York Superior Court; General Term, November,* 1861.

PLEADING.—ALLEGING JURISDICTIONAL FACTS.—DEMURRER.—
ALLEGING NOTICE OF NON-PAYMENT OF NOTE.

In actions in local courts of general jurisdiction,—*e. g.,* the New York Superior Court,—it is unnecessary to allege in the complaint the facts, such as residence of the parties, which are necessary to the jurisdiction of the court over the person of the defendant.

A complaint in an action brought in the New York Superior Court against a foreign corporation, upon a note, which it alleges was in terms payable in the city of New York, states a cause of action within the jurisdiction of the court, even though the plaintiff be a non-resident.

In an action against an indorser of a note, an averment that "it was duly presented for payment at said bank" (where by its terms it was payable), "and payment refused, of which due notice was given to the defendant," is sufficient.

Demurrer to complaint.

The pleadings are sufficiently stated in the opinion of the court.

*H. N. Beach,* for appellant.

*F. N. Bangs,* for respondent.

BY THE COURT.*—WHITE, J.—The complaint in this case sets forth that the defendants were and are a body corporate, created by the laws of the State of New Jersey. That on October the 29th, 1860, the corporation called the Memphis and Charleston Rail Road Company made their promissory note, bearing date at Memphis on that day, for $3,344.77, payable to the order of the defendant, six months after date, at the Bank of America, in the city of New York, and delivered it to defendant, who indorsed it, and delivered it, so that it came to and is now held by the plaintiff; that it was duly presented for

* Present, BOSWORTH, Ch. J., WOODRUFF and WHITE, JJ.

payment at said bank at maturity, and payment refused, of which due notice was given to the defendant.

The defendant demurred to the complaint, upon the alleged grounds, that it appeared upon the face of the complaint—

1. That the court had no jurisdiction of the person of the defendant, or the subject of the action.

2. That the complaint does not state facts sufficient to constitute a cause of action.

The main error upon which this demurrer is founded, is the supposition that it is necessary in a complaint in this court to aver jurisdiction; that is, to aver facts independent of the cause of action, the existence of which is, in certain cases, necessary to confer jurisdiction—such as *the residence of the plaintiff*, in an action against a foreign corporation, when neither the cause of action has arisen, nor the subject of the action is situated within the State. But this is a mistake. Jurisdiction is presumed, unless it appears upon the face of the complaint that the court has not jurisdiction of the action : that is, in the case supposed, jurisdiction will be presumed, unless it should be averred, or made distinctly to appear in the complaint, that the plaintiff was a non-resident.

But even if the plaintiff were a non-resident in the case before us, I think that sufficient facts appear in the complaint to give the court jurisdiction. The action is upon a promissory note made payable at the Bank of America, in the city of New York. Upon the demand and non-payment, and notice to the indorser, a cause of action immediately arose and accrued to the holder in this city. (Bank of Commerce *a.* Rutland & Washington R. R. Co., 10 *How. Pr.*, 1 ; Burckle *a.* Eckhart, 3 *N. Y.*, 132 ; Cooper *a.* Earl of Waldegrave, 2 *Beav.*, 282 ; *Story's Confl. of L.*, §§ 281, 282.)

The averment of notice of non-payment and protest, which is supposed to be defective, and is relied upon in support of the second alleged ground of demurrer is, we think, sufficient.

The judgment must, therefore, be affirmed, with costs.